# Exhibit 4

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (the "Agreement") is made and entered into by and among L.A. Desserts, Inc. d/b/a The Ivy ("LAD"), on the one hand, and 65 Wall Holdings, LLC ("65WH"), on the other hand, and is effective as of the date it is fully executed (the "Effective Date"). LAD and 65WH are referred to herein individually, as a "Party" and collectively, as the "Parties."

## RECITALS

WHEREAS, LAD is the owner and operator of the world-famous, Los Angeles-area "The Ivy" restaurant locations known throughout the United States;

WHEREAS, LAD owns all right, title, and interest in and to the marks in its "The Ivy" family of marks, including but not limited to federal trademark registrations for marks THE IVY (U.S. Reg. Nos. 1,982,547; 2,172,558; 2,263,873), THE IVY BAKERY (U.S. Reg. No. 3,768,655), IVY AT THE SHORE (U.S. Reg. Nos. 1,984,065, 2,152,196), and DOLCE ISOLA THE IVY BAKERY and design (U.S. Reg. No. 3,768,656) (collectively, the "THE IVY® Marks");

WHEREAS, LAD's "The Ivy" restaurant locations, marketing, and advertising all feature ample elements of garden imagery and recurring images of an iconic "forest green" ivy color. Plaintiff's branding also includes a logo which features the name "The Ivy" in casual script font alongside the green garden imagery and pink motifs and design elements, as shown below:



(the "LAD Stylization");

WHEREAS, in or around January 2022, 65WH opened a restaurant named "The Ivy Kitchen & Bar" in Huntington, New York, on the North Shore of Long Island, advertising itself using the name "The Ivy";

WHEREAS, on June 17, 2024, 65WH applied to register the mark MEET ME AT THE IVY (Application Serial No. 98/604,937) (the "Application") with United States Patent and Trademark Office ("USPTO") for "Restaurant services" in International Class 43;

WHEREAS, LAD has filed a lawsuit against 65WH, alleging: (1) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark infringement and unfair competition under New York common law; (4) trademark dilution under New York General Business Law § 360-l; and (5) cancellation of the Application under 15 U.S.C. §§ 1052(d) and 1119 (the "Complaint"), and 65WH has failed to timely respond to the Complaint;

WHEREAS, the Parties previously engaged in pre-suit settlement discussions in attempt to fully resolve LAD's claims (the "Dispute"), and 65WH has expressed a desire to resolve the Dispute without judgment being entered against it or otherwise having to respond to the Complaint;

WHEREAS, the Parties now desire to fully and finally settle, compromise, and resolve all of their disputes in order to avoid the time, effort, and expense of further adversarial proceedings.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.    Undertakings by 65WH

a.    Except as expressly permitted in this subsection 1.a., 65WH will remove current uses, and permanently refrain from future use, of the phrase "The Ivy" (including with or without a space separating "The" and "Ivy") including, but not limited to, in connection with external signage, neon signs, internal signage, menus, reviews on the website, and all other references appearing on 65WH's website and other marketing materials. For the avoidance of doubt, this includes any static social media use (e.g., "bio" or "about" sections, account names on social media) with the sole exception of the Instagram handle "@theivy" (the "Instagram Handle") as provided in section 1.c., and future online posts on any platform of any type.

b.    65WH may use the term "Ivy" provided that:

i.    "Ivy" is not immediately proceeded by the word "The";

ii.    "Ivy" does not appear in a font substantially similar to the LAD Stylization; and

iii.    "Ivy" does not appear in pink font or with any pink motifs or design elements.

c.    65WH will be permitted to retain and use the Instagram Handle provided that (i) the content posted to the associated Instagram account is in compliance with the restrictions contained in Sections 1.a. and 1.b. and (ii) if 65WH receives a legitimate offer from a disinterested and unrelated third party to acquire the Instagram Handle and 65WH is interested in selling the Instagram Handle, 65WH shall notify LAD and LAD will have the right to acquire the Instagram Handle before the other party on the same terms as the final and best offer.

d.    65WH will permanently refrain from using a URL for its website (including but not limited to for purposes of redirection to any other URL) that includes "TheIvy" (irrespective of capitalization) as part of the string.

2

e. 65WH will take commercially practicable steps to update the listings on third party sites associated with its restaurant, including but not limited to Yelp and OpenTable, so that they comply with the restrictions in paragraph 1.a. and 1.b.

f. 65WH will withdraw the Application and any other application to register a trademark that may include the phrase "The Ivy", but shall be permitted to use (but not register with any trademark office) a trademark which contains the word "Ivy" so long as such use is compliant with this Agreement.

g. 65WH agrees to not register or attempt to register any trademark that contains the word "Ivy" for use in connection with any restaurant, bar, or club and/or in International Class 43, from the Effective Date through three years after the last cancellation of the federal trademark registrations for THE IVY® Marks. For the avoidance of doubt, if the federal trademark registrations for THE IVY® Marks are never cancelled, 65WH will never register or attempt to register any trademark that contains the word "Ivy" for use in connection with any restaurant, bar, or club and/or in International Class 43. LAD may grant, in its sole discretion, an exception to this Section 1.g. if the proposed trademark's use of "Ivy" is incidental or *de minimis*. Such exception must be approved in writing by LAD and LAD may withhold its approval for any reason.

h. The Parties agree that 65WH shall have twenty-one (21) days from the Effective Date to make the changes detailed in Section 1 hereof, except where governmental approval is required, such as in connection with altering outside signage and in such circumstances the agreed to change(s) shall be made within twenty-one (21) days of such approval. Notwithstanding the foregoing, 65WH will diligently seek governmental approval after the Effective Date as required to make any changes detailed in Section 1.

2. <u>Mutual Release.</u>  Upon full execution of this Agreement, LAD and 65WH, for themselves and their affiliates, successors, and assigns, hereby release, waive, and forever discharge one another together with their respective affiliates, officers, directors, employees, agents, associates, attorneys, shareholders, divisions, subsidiaries, parents, predecessors, successors, and assigns, jointly, individually, and in representative capacities, from demands, causes of action, liabilities, or claims of any kind, whether in law or equity, whether known or unknown, asserted or unasserted, related to the Dispute, from the beginning of time through the Effective Date, except with respect to any obligations under this Agreement.

3. <u>Waiver of California Civil Code § 1542</u>.  California Civil Code § 1542 states: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE

3

DEBTOR OR RELEASED PARTY.  To the extent applicable, the Parties acknowledge that they are familiar with California Civil Code § 1542, and hereby state that they nevertheless intend by the foregoing releases to release claims of which they are or may be unaware.  The Parties expressly agree that they waive the applicability of and all rights they might otherwise have under California Civil Code § 1542.

4.    Confidentiality of Agreement.  The Parties expressly understand and agree that the terms of this Agreement shall remain CONFIDENTIAL and shall not be disclosed to any third party whatsoever, and except to the Parties' counsel, accountants, financial advisors, tax professionals retained by them, any federal, state, or local governmental taxing or regulatory authority, and the Parties' management, officers and Board of Directors, and except as required by law or order of court. Except for the court, any person identified in the preceding sentence to whom information concerning this Agreement is disclosed is bound by this confidentiality provision and the disclosing party shall be liable for any breaches of confidentiality by persons to whom it has disclosed information about this Agreement in accordance with this section.

5.    Non-Disparagement. The Parties agree that, unless required to do so by legal process, none of the Parties will make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or its, his, or her affiliates, or any of its directors, officers, employees, attorneys, agents, or representatives.  For purposes of this Section, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates.

6.    Notices.  All notices or documents permitted or required to be given or delivered under this Agreement shall be transmitted simultaneously by email and first-class mail (where available) as follows (or to such other addresses as may from time to time be designated in writing):

| *If to LAD:* | *If to 65WH:* |
|---|---|
| India Irving<br>113 North Robertson<br>Los Angeles, California 90048<br>india@theivyrestaurants.com | Zachary Barrotta<br>65 Wall Street<br>Huntington, New York 11743<br>zack@theivykitchenandbar.com |
| *With a copy to:* | *With a copy to:* |
| Eleanor M. Lackman, Esq.<br>Mitchell Silberberg & Knupp LLP<br>437 Madison Avenue, 25th Floor<br>New York, New York 10002<br>eml@msk.com | Brian A. Bloom, Esq.<br>Greenspoon Marder LLP<br>1345 Avenue of the Americas,<br>Suite 2200<br>New York, New York 10105<br>Brian.Bloom@gmlaw.com |

4

7.      Entire Agreement.  This Agreement represents the entire understanding between the Parties and supersedes all prior agreements and understandings between the Parties, whether oral or written related to the subject matter herein.

8.      Representations and Warranties.  65WH represents and warrants to LAD that (a) 65 Wall Holdings, LLC is a limited liability company duly organized, validly existing, and in good standing under the laws of the State of New York; (b) 65WH has the full legal right, power, capacity, and authority to enter into and perform this Agreement; and (c) this Agreement constitutes a valid, binding, and enforceable agreement.

9.      Informed Consent.  Each Party represents and warrants that it, he, or she has carefully reviewed this Agreement, has obtained advice of counsel with respect to this Agreement (including the Confession of Judgment), understands its terms, and has relied wholly on its own judgment and knowledge, and has not been influenced to any extent whatsoever in making this Agreement by any representations or statements made by the other Party or anyone acting on behalf of the other Party other than those contained herein.

10.     Binding Effect.  This Agreement shall not be assigned or modified without the prior written consent of all Parties.  This Agreement and all obligations and rights contained herein shall be binding upon and inure to the benefit of the Parties and their respective officers, directors, shareholders, members, owners, related companies, and successors and assigns.

11.     Amendment.  Any modification or amendment to this Agreement must be in writing and signed by the duly authorized representatives of each of the Parties hereto, and must expressly state that it is the intention of each of the Parties to modify or amend this Agreement.

12.     Governing Law.  This Agreement shall be construed and interpreted in accordance with, and all disputes hereunder shall be governed by, the substantive, internal laws of the State of California, with venue in the Central District of the State of California.  This provision shall have no impact on choice of law, venue, or jurisdiction regarding any action that may be commenced in court.

13.     Severability.  If any term or provision of this Agreement is determined to be invalid or unenforceable under the law, that provision may be severed, and the remaining provisions shall remain in full force and effect.  Upon such determination that any term or other provision is invalid or unenforceable, the Parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

14.     Headings.  The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement.

15.     Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement.  A signed copy of this Agreement delivered by facsimile, e-mail or other means of

5

electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, by themselves or their representatives duly authorized to make the representations hereof, on the dates set forth below.

**L.A. DESSERTS, INC.**                    **65 WALL HOLDINGS, LLC**

_India Irving_

Name: India Irving                         Name: Zachary Barrotta

Title: General Manager                     Title: Owner

Date: 4/7/2025                             Date: 4/7/2025

6